THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

KENNETH JEFFREYS,
an individual,

    Plaintiff,

vs.    CASE NO.: 1:18-cv-00411

CITY OF GREENSBORO,
d/b/a GREENSBORO COLISEUM COMPLEX,
a Political Subdivision of the State of North Carolina,

    Defendant.

## COMPLAINT

Plaintiff, KENNETH JEFFREYS ("Mr. Jeffreys" or "Plaintiff") through his undersigned counsel, hereby files this Complaint and sues the City of Greensboro d/b/a Greensboro Coliseum Complex (hereinafter "GCC") for injunctive relief, damages, attorneys' fees and costs pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq*. ("Americans with Disabilities Act" or "ADA") and 29 U.S.C. § 794 *et seq*. ("Rehabilitation Act") and states as follows:

### JURISDICTION AND PARTIES

1. This is an action for damages, declaratory and injunctive relief pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. §12131 *et seq*., (*see also* 28 U.S.C. § 2201 and § 2202), and for Plaintiff's claims arising from 29 U.S.C. §794 *et seq*. (Rehabilitation Act). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

1

3. Plaintiff, Mr. Jeffreys, is a resident of is a resident of Wake County, North Carolina.

4. Mr. Jeffreys, is an individual with a qualified disability under the ADA. In 1992, Mr. Jeffreys was hit by a drunk driver while working on his job. As a result of that accident, Mr. Jeffreys is a double leg amputee.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities such as walking and standing and requires a wheelchair for mobility.

6. Defendant, the City of Greensboro, is a political subdivision of the State of North Carolina capable of being sued under N.C.G.S. §116-1. Upon information and belief, the City of Greensboro owns and administers the programs and activities offered at Greensboro Coliseum Complex, generally located at 1921 W Gate City Blvd, Greensboro, North Carolina 27403 ("the Property" or the "Coliseum"). GCC is responsible for complying with the obligations of the ADA and the Rehabilitation Act to ensure that the Coliseum is accessible to persons with disabilities such as the Plaintiff.

7. All events giving rise to this lawsuit occurred in the Middle District of North Carolina in Guilford County.

## COUNT I – VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers the preceding Paragraphs as if they were expressly restated herein.

9. The City of Greensboro is a public entity, subject to the ADA, which owns and administers the programs and activities at the Greensboro Coliseum Complex. The Coliseum is home to the University of North Carolina at Greensboro Spartans men's basketball team and the

Greensboro Swarm of the NBA G League. It has also hosted numerous Atlantic Coast Conference (ACC) Men's and Women's Basketball Tournaments.

10. Plaintiff has visited the Greensboro Coliseum Complex (GCC) to watch the men's basketball. Mr. Jeffreys plans to return to GCC to watch the basketball again next season, and plans to attend most home games per season after that.

11. During his visit, Mr. Jeffreys experienced serious difficulty gaining full and equal access to the programs and activities therein due to the architectural barriers discussed in this Complaint. For instance, Mr. Jeffreys had difficulty obtaining accessible seating, parking his vehicle, traversing the route to the Coliseum entrance, and maneuvering throughout the Stadium.

12. Mr. Jeffreys still desires to visit GCC to utilize the programs and activities there, i.e., to watch live basketball games, but fears that he will once again encounter serious difficulty due to the barriers to access which still exist at the Property.

13. Mr. Jeffreys plans to and will visit the Coliseum in the future both as a patron to enjoy live basketball games and also to determine whether the barriers to access alleged herein have been modified for greater wheelchair access.

14. 42 U.S.C. § 12133 provides: "[t]he remedies, procedures, and rights set forth in section 794 of Title 29 shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title."

15. The Defendant has discriminated against Plaintiff, Mr. Jeffreys, by denying him full access to the services, programs, and/or activities by failing to make their Property, Greensboro Coliseum Complex, readily accessible as required by U.S.C. §12132 and its implementing regulations 28 C.F.R. Part 35.101-35.190 *et. seq*.

16. The Defendant has discriminated, and continues to discriminate, against the Plaintiff in violation of the ADA by excluding and/or denying Plaintiff the full and equal benefits of its services, programs, and/or activities by failing to, inter alia, have accessible facilities for live viewing of UNCG basketball games at the Coliseum. Plaintiff has personally experienced numerous barriers to access on the Property, as discussed herein.

17. Mr. Jeffreys has observed, encountered, and/or experienced numerous discriminatory barriers to access at Greensboro Coliseum Complex. These barriers include, but are not limited to, the following violations which Plaintiff personally encountered:

   A. Plaintiff had difficulty utilizing the parking designated for disabled use because the only lot designated for disabled use is located far from the stadium, lacks proper access aisles, and includes an inadequate number of spaces to serve disabled Stadium patrons;

   B. Additionally, the other parking lots located closer to the Stadium do not provide enough parking for disabled use and contain excessive slopes within the parking spaces and their access aisles;

   C. Plaintiff had difficulty utilizing the routes between the parking lots and the Stadium entrance due to sidewalks and ramps with excessive long slopes, excessive cross slopes, excessive lips and lack of proper handrails;

   D. Plaintiff had difficulty utilizing the service and concession counters throughout the Stadium due to excessive height for convenient wheelchair use;

   E. Plaintiff had difficulty navigating throughout the Stadium due to routes and ramps with steep slopes and a lack of proper handrails. Additionally,

4

Plaintiff had difficulty locating the wheelchair routes throughout the stadium due to lack of proper signage; and

F. Plaintiff had difficulty utilizing the elevator at the Stadium due to insufficient space.

18. Defendant, a sophisticated property owner with significant resources, either knew or should have known of its lack of compliance with the ADA and Rehabilitation acts.

19. 28 C.F.R. § 35.130(4) states that "[a] public entity may not, in determining the site or location of a facility, make selections–(I) [t]hat have the effect of excluding individuals with disabilities from, denying them the benefits of, or otherwise subjecting them to discrimination..." Defendant has violated this provision by providing its services, programs, and/or activities at an inaccessible facility.

20. 28 C.F.R. § 35.150 (b)(1) and 28 C.F.R. § 35.15 (c) mandate that compliance with 28 C.F.R. Part 36 App. A or Uniform Federal Accessibility Standards (UFAS) shall be deemed to comply with Tile II of the ADA. Appendix A to Part 36 - Standards for Accessible Design (28 C.F.R. Part 36, App. A) - sets out guidelines for accessibility for buildings and facilities. These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal Agencies, including the Department of Justice, under the ADA.

21. Defendant has discriminated against the Plaintiff by excluding him from participation in, and denying them the benefits of, the services, programs, and/or activities at its facility because of Plaintiff's disabilities, all in violation of 42 U.S.C. § 12132. Furthermore, Defendant continues to discriminate against the Plaintiff by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to

5

afford all offered goods, services, programs, activities, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to make such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, programs, and/or activities, segregated or otherwise treated differently than other individuals.

22. The Plaintiff has been denied access to, and has been denied the benefits of services, programs and/or activities of Defendant's facility, and has otherwise been discriminated against and damaged by Defendant because of its ADA violations, as set forth above. The Plaintiff will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. Furthermore, as required by the ADA and other remedial civil rights legislation, to properly remedy Defendant's discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of Defendant's facility in order to catalogue and cure all the areas of non-compliance with the Americans with Disabilities Act.

23. Plaintiff has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 35.175.

24. Plaintiff is without adequate remedy at law and is suffering irreparable harm.

25. Pursuant to 42 U.S.C. § 12131, *et seq.*, this Court is provided authority to grant Plaintiff's injunctive relief including an order to alter Greensboro Coliseum Complex to make those facilities, and/or programs, and/or activities, readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA.

## COUNT II
## VIOLATION OF THE REHABILITATION ACT

26. Plaintiff adopts and re-alleges the allegations contained in the preceding

Paragraphs as if fully stated herein.

27. Plaintiff brings this claim against Defendant based upon the Rehabilitation Act, 29 U.S.C. §794, *et seq.*

28. The Rehabilitation Act provides that:

> No otherwise qualified individual with handicaps in the United States, as defined by 7(8) [29 USCS § 706(8)], shall, solely by reason of his or her handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a).

29. As set forth herein, Defendant has violated the Rehabilitation Act by intentionally excluding the Plaintiff, solely by reason of his disabilities, from the participation in, and denying him the benefits of, and has otherwise subjected them to discrimination under, Defendant's programs and activities.

30. A non-exclusive list of Defendant's violations of the Rehabilitation Act and discriminatory conduct against the Plaintiff is evidenced by:

    A. denying Plaintiff access to, and the opportunity to participate in or benefit from, the aids, benefits, activities, programs, accommodations and services offered by Defendant;

    B. by otherwise limiting Plaintiff in the enjoyment of the rights, privileges, advantages and opportunities enjoyed by individuals without disabilities who receive Defendant's aids, benefits and services;

7

C. making facility site or location selections that have the effect of discriminating against individuals with disabilities and excluding them from and denying them the benefits of, and defeating or substantially impairing the accomplishment of the objectives of, the services, programs and activities offered by Defendant;

D. failing to administer services, programs and activities in the most integrated setting appropriate to the needs of Plaintiff;

E. excluding Plaintiff from participation in, and the benefits of, Defendant's services programs and activities as a result of Defendant's facility being inaccessible to or unusable by Plaintiff; and

F. failing to design and/or construct new facilities, or alterations to existing facilities, which are readily accessible to and useable by individuals with disabilities.

31. Upon information and belief, there are additional, ongoing violations of the Rehabilitation Act at Greensboro Coliseum Complex which Plaintiff is more likely than not going to encounter upon his future visits to the subject premises. Plaintiff brings this action:

A. to redress injuries suffered as a result of Defendant's discriminatory actions and inactions set forth herein;

B. to reasonably avoid further and future injury to Plaintiff as a result of Defendant's ongoing failure to cease their discriminatory practices as set forth in this action, including correcting violations of the Act;

C. to ensure Defendant's facility is accessible as required by the relevant applications of Titles II of the ADA.

8

D. to be made whole and ensure future compliance; and

E. to reasonably avoid future ADA and Rehabilitation Act litigation involving the same property and under the same laws as set forth herein with its concomitant impact on otherwise scarce judicial resources.

32. Only through a complete inspection of the Coliseum premises and related facilities, undertaken by Plaintiff and/or his representatives, can all said violations be identified and cured so as to ensure access for the disabled, the primary purpose of this action.

33. Upon reasonable belief, Defendant is the recipient of Federal Funds. As the recipient of federal funds, Defendant is liable for damages to the Plaintiff as a result of its acts and omissions constituting intentional discrimination.

34. As set forth above, the Plaintiff has been denied access to, and has been, and without the relief requested herein will continue to be denied the access to the goods, services, programs, facilities, activities and accommodations offered by Defendant solely by reason of his disability, and has otherwise been discriminated against and damaged solely by reason of his disability as a result of Defendant's Rehabilitation Act violations set forth above.

35. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay his counsel reasonable attorneys' fees, including costs and litigation expenses, incurred in this action. Plaintiff is entitled to recover those attorneys' fees, costs and litigation expenses from Defendant pursuant to 29 U.S.C. §794(b).

36. Pursuant to 29 U.S.C. §794(a) this Court is provided authority to grant Plaintiff's injunctive relief including an order to alter the subject premises, facilities, services, activities, programs and accommodations to make them accessible to and useable by individuals with disabilities to the extent required by the Rehabilitation Act; closing all premises and facilities and

9

Case 1:18-cv-00411-LCB-JEP   Document 1   Filed 05/15/18   Page 9 of 11

discontinuing all non-complying services, activities, programs and accommodations until the requisite modifications are completed; and, granting the Plaintiff compensatory damages for Defendant's discriminatory actions.

WHEREFORE, the Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

i. That the Court declares that the Property owned and operated by Defendant is in violation of Title II of the ADA and the Rehabilitation Act;

ii. That this Court enter an Order directing Defendant to alter and modify the Greensboro Coliseum Complex's premises, facilities, services, activities, programs, and accommodations as appropriate to comply with Title II of the ADA and the Rehabilitation Act;

iii. That this Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities so as to allow it to undertake and complete corrective procedures to make Greensboro Coliseum Complex programs accessible to the disabled;

iv. That this Court award Plaintiff an award of compensatory damages under Title II of the ADA and the Rehabilitation Act as well as such further relief that the Court deems to be just and proper;

v. That this Court award Plaintiff his reasonable attorneys' fees, costs and litigation expenses incurred in prosecuting this action.

Respectfully Submitted,

**KU & MUSSMAN, P.A.**
Attorneys for Plaintiff
18501 Pines Boulevard, Suite 209-A
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (305) 891-4512

By: /s/ Walter E. Daniels
    KU & MUSSMAN, P.A.
    Attorney for Plaintiff
    Walter E. Daniels III, Esq.
    NC Bar No. 27219
    14 South Pack Square, Suite 502
    Asheville, North Carolina 28801
    Tel: (828) 258-7022
    Fax: (888) 277-2412
    danielslawfirm.p.c@gmail.com